**NOT FOR PUBLICATION**

FILED



NOV 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PENTA HOSPITALITY, LLC and TARUN S. PATEL, <br><br> Defendants-Appellees. | No.   14-17354 <br><br> D.C. No. 3:13-mc-80275-WHA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 14, 2016[**]
San Francisco, California

Before:  GOULD, CLIFTON, and WATFORD, Circuit Judges.

The district court's order denying the plaintiff an extension of time within

which to file post-judgment motions and closing the case file is vacated.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not explain why it was strictly enforcing the October 30, 2014, filing deadline, and we cannot infer any reasons from the record to support such strict enforcement. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (denial of a time extension is an abuse of discretion if it is "without support in inferences that may be drawn from the record"). The district court originally set the October 30 deadline for "[a]ll motions for assigning or charging orders" in light of a post-judgment examination scheduled for October 27. The plaintiff asserts that it could not file such motions without obtaining information from the defendant, Tarun Patel, and his business entity, Pracrea Inc., at the post-judgment examination, which the district court had ordered Patel and Pracrea Inc. to attend. After they failed to attend, it was apparent that the examination would need to be rescheduled and that the filing deadline would therefore need to be reset to a later date following the rescheduled examination. Thus, we cannot infer any plausible reason for insisting on the October 30 deadline or for severely enforcing it against an otherwise diligent judgment creditor by closing the case file.

Motions for time extensions should be granted when there is good cause, construed broadly, and no showing of bad faith or prejudice to the nonmoving party. *Id.* at 1259. Here, the district court denied the plaintiff's request for a time

extension solely for lack of good cause. However, the district court abused its discretion by summarily rejecting the plaintiff's explanation that it was moving for an extension due to the fact that Patel and Pracrea Inc. had failed to appear at the scheduled examination. There is no indication that the plaintiff's request was in bad faith, and an extension would not unduly prejudice the absent defendant because it was his own failure to appear at the examination that gave rise to the need to reschedule the examination and reset the deadline in the first place.

**VACATED and REMANDED.**